1    **WO**

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                          FOR THE DISTRICT OF ARIZONA

8

9    Federal Deposit Insurance Corporation as        No. CV-11-08157-PCT-GMS
     Receiver for Premier Bank, a Missouri state
10   banking corporation                             **ORDER**

11                          Plaintiff,

12   v.

13   Albert   Wiseman    and   Emily   Wiseman,
     husband and wife
14
                            Defendants.
15

16

17        Pending before the Court is the Motion for Summary Judgment of Plaintiff Federal

18   Deposit Insurance Corporation ("the FDIC"). (Doc. 20.) For the reasons discussed below,

19   FDIC's Motion is denied.

20                                    **BACKGROUND**

21        Defendants Albert and Emily Wiseman ("the Wisemans") are the guarantors of

22   two loans entered into by Williams AZ Venture, LLC ("Williams AZ") with Town Bank

23   of Arizona ("Towne Bank").   The first loan is in the original principal amount of

24   $9,177.000.00.   The second loan is in the original principal amount of $6,750,000.00.

25   The two loans were secured by a deed of trust on certain real property of which Towne

26   Bank was the beneficiary.   As well, the Wisemans, who are the principals of Williams

27   AZ, guaranteed both loans at the time they were made.   Thereafter the loans, the

28   beneficial interest in the deed of trust, and the guaranty were assigned to Premier Bank.

1  After the assignment the Wisemans again guaranteed payment and satisfaction of all

2  Williams AZ's indebtedness to Premier Bank. (Doc. 20 at 4.)

3  Williams AZ subsequently defaulted on the two loans and failed to pay in full the

4  principal balance, along with all accrued interest, late fees, and other fees due on the

5  maturity date of June 14, 2009. (*Id.*)

6  On October 15, 2010, the FDIC became the Receiver of Premier Bank. (*Id.*) The

7  FDIC foreclosed on the DOT and held a trustee's sale on July 20, 2011. (*Id.*) At the sale,

8  the FDIC purchased the Coconino County real property for $493,000. (*Id.*) The FDIC

9  asserts that this is the fair market value of the property on the date of the sale. (*Id.*)

10  As of July 6, 2012, the deficiency amount owed by the Wisemans, exclusive of

11  attorneys' fees and court costs, was $18,882,071.43. (*Id.*) It brings this Motion for

12  Summary Judgment asserting that it is entitled to a judgment against the Wisemans for

13  this amount as a matter of law. The Wisemans filed no response to the FDIC's Motion.

14  Summary judgment is appropriate if the evidence, viewed in the light most

15  favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to

16  any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV.

17  P. 56(a). Substantive law determines which facts are material and "[o]nly disputes over

18  facts that might affect the outcome of the suit under the governing law will properly

19  preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

20  248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could

21  return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d

22  1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248). If the moving party

23  bears the burden of proof on the issue at trial, it must "establish all of the essential

24  elements of the claim or defense for the court to find that [it] is entitled to judgment as a

25  matter of law." *E.E.O.C. v. Cal. Micro Devices Corp.*, 869 F. Supp. 767, 770 (D. Ariz.

26  1994). Thus, the moving party must affirmatively demonstrate that no reasonable trier of

27  fact could find other than in its favor. *S. Cal. Gas. Co. v. City of Santa Ana*, 336 F.3d 885,

28  888 (9th Cir. 2003).

Under Arizona law, if trust property is sold and the amount recovered is insufficient to cover the amount owed,

> an action may be maintained to recover a deficiency judgment against any person directly, indirectly or contingently liable on the contract for which the trust deed was given as security including any guarantor of or surety for the contract and any partner of a trustor or other obligor which is a partnership.

A.R.S. § 33-814 (2012). The amount to be recovered is

> an amount equal to the sum of the total amount owed . . . as of the date of the sale, as determined by the court less the fair market value of the trust property on the date of the sale as determined by the court or the sale price at the trustee's sale, whichever is higher.

*Id.* Therefore, to meet its burden on a motion for summary judgment, the FDIC must establish that the Wisemans were liable on the contract for which the trust deed was given as security and that the amount of their debt was in excess of either the sales price or the property's fair market value. In order to establish the amount of the deficiency as set out by statute, the FDIC must present evidence of the total amount owed by the Wisemans as of the date of the sale, as well as the fair market value or the sale price of the property.

The FDIC has set forth sufficient evidence to meet its burden of showing that the Wisemans were liable on the contract for which the trust deed was given as security. It has set forth the DOT executed on September 14, 2006 as evidence that the Williams AZ loans were secured by the real property in Coconino County. (Doc. 21-4 at 1.) Furthermore, it has presented the commercial guarantees entered into by the Wisemans in which the Wisemans guaranty "all present and future debt of Williams AZ Venture, LLC." (Docs. 21-18 at 1, 21-19 at 1.) This is sufficient evidence to establish the element of the Wisemans' liability for a deficiency claim under A.R.S. § 33-814. Therefore, the FDIC has met its summary judgment burden on this issue, and because the Wisemans filed no response, there is no genuine issue of material fact as to it.

However, the FDIC has not set forth sufficient evidence to meet its burden as to

1    the amount of the deficiency. As stated above, the deficiency amount is defined by statute

2    as the total amount owed on the date of the sale, less the greater of either the sale price or

3    the fair market value. In its Motion for Summary Judgment, the FDIC asserts that the

4    deficiency amount as of July 6, 2012, was $18,882,071.43. (Doc. 20 at 6.) It attaches to

5    its Motion a loan payoff statement setting out the amount owed on principal, interest,

6    default interest, and late charges as of July 6, 2012. However, the statement does not

7    contain any information on the amount owed by the Wisemans on July 20, 2011. This

8    amount is an essential element of the claim for a deficiency judgment under Arizona law.

9    Nevertheless, the FDIC may be able to present sufficient evidence establishing this

10    element. As such, though it has not met its burden on this motion for summary judgment,

11    this Court's denial will be without prejudice to the motion's renewal with adequate

12    evidence of the amount owed on the date of the sale.

13        Nor has the FDIC presented satisfactory evidence of the fair market value of the

14    trust property on the date of the sale. It presents an appraisal of the Coconino property

15    conducted on November 22, 2010, valuing the property at $580,000. However, it asserts

16    that the $493,000 that it paid for the property on July 20, 2011, nearly nine months after

17    the appraisal, was the fair market value at the time of the sale, on no other basis besides

18    "the continued decline of the real estate market." (*Id.*)

19        As stated above, an essential element of the claim for a deficiency judgment is the

20    establishment of the greater of the sale price or the fair market value of the property on

21    the date of sale. The FDIC's self-serving statement that the price it paid was the fair

22    market value is not sufficient to satisfy this element. *See MidFirst Bank v. Chase*, 230

23    Ariz. 366, 284 P.3d 877, 880 (Ct. App. 2012) (overturning a grant of summary judgment

24    where the trustee only presented evidence of the amount it bid at the sale).

25        The FDIC's assertion that, despite the $580,000 appraisal in November 2010, the

26    lesser price it paid at the sale the next July was the fair market value due to the decline in

27    market conditions is insufficient to establish the element of fair market value. The FDIC

28    argues that this Court can take judicial notice of the changing market conditions. That is

1    incorrect.  "The court may judicially notice a fact that is not subject to reasonable dispute

2    because it: 1) is generally known within the trial court's territorial jurisdiction; or (2) can

3    be accurately and readily determined from sources whose accuracy cannot reasonably be

4    questioned." FED. R. EVID. 201.  The fact and amount of decline in market conditions in

5    Coconino County, Arizona between November 2010 and July 2011 is not such a fact.  As

6    such, the FDIC has failed to establish the essential element of fair market value. Without

7    this element, the Court cannot determine what amount should be deducted from the

8    amount owed by the Wisemans on the date of sale—an amount that, as discussed above,

9    the FDIC has failed to establish in the first place.

10        The $580,000 appraisal submitted by Plaintiffs, standing alone, may be sufficient

11   to establish fair market value. *See N. Trust, N.A. v. Kogen*, No. 1 CA-CV 11-0549, 2012

12   WL 4369668 (Ariz. Ct. App. Sept. 25, 2012) (upholding the trial court's grant of

13   summary judgment where the trustee had conducted an appraisal of the property and then

14   paid more than the appraised value at the sale). However, because nine months passed

15   between the date of the appraisal and the date of sale, the FDIC bears the burden of

16   submitting evidence that the fair market value either stayed the same or declined during

17   that period. *See* A.R.S. 33-814(a) (defining fair market value as the most probable price

18   as of the date of the sale "after reasonable exposure in the market under conditions

19   requisite to fair sale"). Currently, because the FDIC has requested summary judgment in

20   an amount $87,000 more than it would receive if the appraisal amount were the amount

21   credited as against the deficiency, the Court denies the FDIC's Motion. However,

22   because the FDIC may be able to provide sufficient evidence that entitles it to judgment

23   in the greater amount, the denial is without prejudice to the motion's renewal with

24   appropriate evidentiary foundation.

25                                    **CONCLUSION**

26        The FDIC has failed to present adequate evidence of either the amount owed by

27   the Wisemans on the date of the sale of the trust property or the fair market value of the

28   property on the date of sale. As such, its Motion is denied without prejudice to its renewal

- 5 -

1   based on adequate evidence.

2          **IT IS THEREFORE ORDERED** that the Motion for Summary Judgment of the

3   Federal   Deposit   Insurance   Corporation   (Doc.   20)   is   **DENIED   WITHOUT**

4   **PREJUDICE**.

5          Dated this 31st day of October, 2012.

6

7

*A. Murray Snow*
_____

8                          /G. Murray Snow
                      United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28